# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>BALLAM, et al.,<br><br>Defendants. | Case No.: 1:17-cv-00468-BAM (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR AN ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION<br><br>[ECF No. 24] |

Plaintiff Anthony Ceasar Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.  Introduction**

Currently before the Court is Plaintiff's motion for an order to show cause for a preliminary injunction, filed on February 7, 2018. (ECF No. 24.)

In support of his motion, Plaintiff declares that prison officials have become "more aware" of his civil rights case, and have threatened and harassed him as a result. Plaintiff further asserts that he was assaulted, and his protective custody status was unnecessarily revoked by prison officials on February 1, 2018. Plaintiff is also concerned that his property may be lost or misplaced during his housing transfer. Based on the foregoing, Plaintiff seeks for the Court to issue a preliminary injunction directing Defendants and prison officials to (1) refrain from

1 revoking his protective custody status; (2) prevent him from being housed with general population or non-protective custody inmates; (3) not lose his legal property or interfere with his legal mail; (4) refrain from obstructing his access to the law library and duplication services; and (5) restore Plaintiff's S.N.Y status.

**II.    Discussion**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 110 (1969); *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's litigation issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

In this case, although the Court has screened Plaintiff's second amended complaint and found it has stated a claim, no defendant has yet been served, and no defendant has yet made an appearance. Further, the Defendants are allegedly yard officers at Valley State Prison, not Mule Creek State Prison, where Plaintiff is currently housed, and this case only concerns past events of alleged excessive force and the failure to protect. The pendency of this action does not give the Court jurisdiction over prison officials generally or over Plaintiff's litigation issues generally. Thus, the Court lacks jurisdiction to issue the relief Plaintiff seeks here.

///

The Court understands Plaintiff to be raising potential issues concerning his safety and security. To the extent that Plaintiff believes he is in imminent danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g., In re Estevez*, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008). At Plaintiff's request, the Court is also willing to provide a copy of his motion to the Warden of Mule Creek State Prison, if Plaintiff his having difficulty reporting these issues otherwise. However, the pendency of this action does not give the Court jurisdiction to issue the injunctive relief he requests.

**III. Conclusion**

Accordingly, it is HEREBY ORDERED for the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to show cause for a preliminary injunction (ECF No. 24) be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 9, 2018**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE