# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BALLAM, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00468-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 23] |

Plaintiff Anthony Ceasar Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on February 7, 2018. (ECF No. 23.) In support, Plaintiff states that he is unable to afford counsel, his imprisonment limits his ability to litigate, that this case is complex, and he has limited legal knowledge and law library access. He also discusses that he has not completed high school and has mental health issues that affect his comprehension, and takes psychiatric medications.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1), *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary

assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Despite Plaintiff's mental health issues and treatment with psychiatric medications, a review of the record in this case shows that Plaintiff is able to articulate his claims and arguments. The legal issue he proceeds upon is not complex; the Court is faced with similar cases involving allegations of excessive force and the failure to protect almost daily. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

For these reasons, Plaintiff's request for the appointment of counsel, filed on February 7, 2018 (ECF No. 23), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 11, 2018**          /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE