# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>BALLAM, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00468-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTION TO MARCH 19, 2018 ORDER<br><br>[ECF No. 37] |

### I. Introduction

Plaintiff Anthony Ceasar Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's second amended complaint against Defendant Perez and Defendant Duran for excessive force in violation of the Eighth Amendment, and against Defendant Ballam for the failure to intervene in violation of the Eighth Amendment. (ECF No. 15.) Service of the second amended complaint on those Defendants remains underway. (ECF Nos. 18, 21.)

On March 19, 2018, the Court denied Plaintiff's motion for leave to file a third amended complaint. (ECF No. 32.) Currently before the Court is Plaintiff's objection to that order, filed on April 5, 2018. (ECF No. 37.)

### II. Objections

In his objections, Plaintiff discusses that the Court noted in its order that Plaintiff requested leave to file a second amended complaint, but it appeared that he intended to file a

1

third amended complaint based on the docket. Plaintiff asserts that this is inaccurate, because he has only filed an original and amended complaint in this action.

The Court informs Plaintiff that his original complaint was filed in this action on November 22, 2016, (ECF No. 1), his first amended complaint was filed in this action on August 30, 2017, (ECF No. 9), and this action now proceeds on his second amended complaint, filed on December 4, 2017, (ECF No. 15). Therefore, Plaintiff has filed an original complaint and has amended it twice in this action to date.

### III. Request to Amend

Plaintiff also asserts that he failed to allege in what capacity that he seeks to sue each Defendant (official or individual), and he failed to include the amount of damages in each category of damages that he seeks. Therefore, he again requests leave to file an amended complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id*.

To the extent Plaintiff is seeking leave to amend his complaint to add allegations to sue Defendants in their official capacities, such a request is futile. Plaintiff may not sue these prison officials in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelel v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Plaintiff's current prayer for relief in his operative second amended complaint states that he seeks "$100,000.00 U.S. dollars." (ECF No. 15, at 6.) Plaintiff states that he did not include

2

nominal, compensatory or punitive damages, or the amount in each category, and he seeks leave to do so now.

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility in this request. Plaintiff states that he did not previously include the forms of damages that he seeks in this action due to his *pro se* status and lack of legal expertise. It appears he has further researched the matter and has promptly sought leave to amend. The Court finds this sufficient to show diligence and good cause under the circumstances. Moreover, although service of process is underway, the case is in the early stages, and the Court does not find there would be undue delay should Plaintiff promptly file a proposed third amended complaint for the Court's review. He will be required to do so within thirty (30) days. Accordingly, Plaintiff's motion for leave to amend shall be granted.

Plaintiff also states that he receives no assistance from counsel and that he should have been counseled by the judicial officer. Plaintiff is informed that the Court cannot provide legal advice to litigants, even when they are *pro se* litigants who lack legal training or understanding. The Court may provide basic explanations of rules, and generally attempts to provide clear, concise rulings to the parties in plain language, but it cannot give plaintiff, or any party, advice on strategies for prosecuting his claim.

**IV.     Conclusion and Order**

As discussed, Plaintiff shall be granted leave to file a third amended complaint, within thirty (30) days, to amend his prayer.

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named Defendants did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff has been granted leave to amend for **the sole purpose** of amending his prayer for relief. He may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

3

complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's request for leave to amend his complaint to amend his prayer for relief is granted;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint as discussed in this order;

4. Plaintiff shall clearly identify the amended complaint as "Third Amended Complaint" and refer to the case number; and

5. Plaintiff may not add any new allegations or claims or defendants to this action.

IT IS SO ORDERED.

Dated: **April 6, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE