# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>  Plaintiff,<br><br> v.<br><br>BALLAM, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-00468-LJO-BAM (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 40] |

Plaintiff Anthony Ceasar Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objection to the Court's February 11, 2018 order denying his motion for the appointment of counsel, without prejudice. (ECF No. 40.) Plaintiff asserts that the Court erred in determining that his case is not complex because he suffers from severe mental issues and emotional distress which was not properly considered. In addition to matters previously raised, Plaintiff also asserts that he has attempted to obtain a lawyer on his own, although he does not indicate the attorney's response to his inquiry. The Court liberally construes Plaintiff's objections as a motion to reconsider its prior ruling.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals,*

1 *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Here, the Court weighed the relevant factors in determining whether exceptional circumstances existed in this case to begin the search for volunteer counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (the district court must evaluate both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* considering the complexity of the legal issues involved). As it did previously, the Court finds that Plaintiff's case is not particularly complex, and although it considered his mental health issues and treatments, the record reflects that he is able to adequately articulate his claims and arguments. Further, at this early stage where no defendant has yet appeared, the Court cannot find a likelihood of success on the merits. Plaintiff has shown no error in the prior ruling.

Accordingly, Plaintiff's objection to the Court's February 11, 2018 order denying his request for the appointment of counsel, without prejudice (ECF No. 40), is HEREBY OVERRULED.

IT IS SO ORDERED.

Dated: **April 15, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE