# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>BALLAM, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00468-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR AN ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION<br><br>[ECF No. 39] |

Plaintiff Anthony Ceasar Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an order to show cause for a preliminary injunction, filed on February 7, 2018. (ECF No. 24.) Plaintiff states that he is not receiving proper medical care for sleep deprivation and heart issues. Plaintiff also attaches a form in which his request for copies was denied in part as exceeding the fifty (50) page limit, and discussing that he must cite a court order or court rule for additional pages. Based on the foregoing, Plaintiff seeks an injunction requiring that he receive certain health care treatments, and an order preventing officials from denying him duplication services and from interfering with his litigation.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's litigation issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

In this case, although the Court has screened Plaintiff's second amended complaint and found cognizable claims, no defendant has yet made an appearance. The named defendants are yard officers at Valley State Prison, and this case only concerns allegations of excessive force and the failure to protect at that institution. This action does not concern Plaintiff's health care or conditions of confinement at California State Prison-Sacramento, where Plaintiff is currently housed. Thus, the pendency of this action does not give the Court jurisdiction over prison officials generally, over Plaintiff's health care, or other matters, and the Court lacks jurisdiction to issue the relief Plaintiff seeks here.

Finally, the record does not reflect any reason to grant Plaintiff any order directing prison officials to permit him to obtain copies of more than fifty (50) pages. Plaintiff is not precluded from seeking an order from the Court for excess copies, based upon good cause shown. However, because this case is in its early stages, and no discovery and scheduling order has yet been issued, the Court is not likely to grant such a request at this time. Although Plaintiff has been granted leave to file an amended complaint, his case is simple, and the Court finds a page limit of twenty (20) pages for his amended complaint is reasonable under the circumstances.

///

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for an order to show cause for a preliminary injunction (ECF No. 39) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 15, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE