# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>     Plaintiff,<br><br>   v.<br><br>BALLAM, et al.,<br><br>     Defendants. | Case No.: 1:17-cv-00468-LJO-BAM (PC)<br><br>ORDER SCREENING THIRD AMENDED COMPLAINT<br>(Doc. No. 45)<br><br>ORDER DIRECTING DEFENDANTS TO FILE RESPONSIVE PLEADING WITHIN TWENTY-ONE DAYS |

Plaintiff Anthony Ceasar Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.     Background

Plaintiff initiated this action on November 22, 2016 in the Sacramento Division for the United States District Court for the Eastern District of California. (Doc. No. 1.) On April 3, 2017, the matter was transferred here to the Fresno Division of the Court. (Doc. No. 5.)

On August 30, 2017, Plaintiff filed a first amended complaint, (Doc. No. 9), which was screened and found not to state any cognizable claim, (Doc. No. 12.) Plaintiff was granted leave to amend. Plaintiff then filed a second amended complaint on December 4, 2017. (Doc. No. 15.) On December 22, 2017, the Court found that Plaintiff's second amended complaint stated a claim against Defendant Perez and Defendant Duran for excessive force in violation of the Eighth Amendment, and against Defendant Ballam for the failure to intervene in violation of the Eighth Amendment. (Doc. No. 16.) Service was then initiated.

On February 7, 2018, Plaintiff sought leave to file a third amended complaint, (Doc. No. 22), which was denied on March 19, 2018, (Doc. No. 32). On April 5, 2018, Plaintiff objected to the Court's March 19, 2018 order, and again sought leave to file a third amended complaint. (Doc No. 37.)

On April 6, 2018, the Court granted Plaintiff leave to file a third amended complaint for the sole purpose of amending his prayer for relief. (Doc. No. 38.) Currently before the Court is Plaintiff's third amended complaint, filed on April 19, 2018. (Doc. No. 45.)

## II. Discussion

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

"[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). A prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, Plaintiff has re-pleaded his allegations that the Court previously found sufficient to state a cognizable claim against Officers Perez and Duran for excessive force, and against Sergeant Ballam for the failure to intervene in the use of excessive force, in violation of the Eighth Amendment. Plaintiff alleges that the incident complained of escalated to severe uses of force that caused physical injuries, at a time when Plaintiff was restrained and subdued. Plaintiff also alleges that Officer Duran seriously injured Plaintiff's ankle for no discernable cause. Finally, he alleges that Sergeant Ballam had an opportunity to intervene, but failed to do so.

In his amended allegations, Plaintiff states that he sues Defendants in their individual capacities, and seeks nominal, compensatory, and punitive damages, including for medical expenses, physical injuries, and pain and suffering.

The Court finds that this matter shall proceed on the above-described claims and that Defendants Perez, Duran, and Ballam must answer. As their counsel has appeared on the record, they will be served electronically through the Court's CM/ECF system, and shall be directed to respond to the third amended complaint within twenty-one (21) days of the date of this order.

**III. Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS that:

1.      This action shall proceed on Plaintiff's third amended complaint, filed on April 19, 2018, against Officers Perez and Duran for excessive force, and against Sergeant Ballam for the failure to intervene in the use of excessive force, in violation of the Eighth Amendment; and

2.      Defendants shall respond to the third amended complaint within twenty-one (21) days of the date of service of this order. Fed. R. Civ. P. 12(a)(1)(A)(i).

IT IS SO ORDERED.

Dated:   __**April 23, 2018**__                    ___/s/ *Barbara A. McAuliffe*___
                                                                     UNITED STATES MAGISTRATE JUDGE