# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BALLAM, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00468-LJO-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION<br><br>[Doc. 49] |

## I. Introduction

Plaintiff Anthony Ceasar Hernandez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's third amended complaint against Officers Perez and Duran for excessive force, and against Sergeant Ballam for the failure to intervene in the use of excessive force, in violation of the Eighth Amendment.

Currently before the Court is Defendants' motion to stay this case until Plaintiff's pending criminal proceeding in Madera County Superior Court is resolved, filed on May 14, 2018. (Doc. 49.) Plaintiff filed an opposition, on extension, on June 25, 2018. (Doc. 54.) Defendants filed a reply to the opposition on July 3, 2018. (Doc. 55.) The motion is deemed submitted. Local Rule 230(l).

## II. Motion to Stay

### A. Parties' Arguments

Plaintiff's claim in this federal civil case arise out of a use of force incident on May 18, 2016, during which Plaintiff alleges that Defendants Perez and Duran assaulted him while he was completely restrained and subdued. Defendants request that the Court take judicial notice of the fact that Plaintiff was charged with violating California Penal Code sections 69 (resisting an executive officer by threats or violence in the performance of his or her duties) and 4501.5 (criminally battering a nonconfined person) for the same events at issue, by the Madera County District Attorney's Office. Defendants seek for this Court to stay this matter until that criminal case has reached completion.

Defendants assert that, although no trial has been scheduled, Plaintiff's criminal matter should be resolved soon, such that Plaintiff will not be prejudiced by a stay here. Defendants also argue that the State of California has an important interest in ensuring the integrity of the criminal justice system here, free from federal interference, and that Plaintiff may raise his version of events and Eighth Amendment excessive force argument in the criminal matter. Further, Plaintiff's Fifth Amendment rights will be implicated by these civil proceedings, and simultaneous civil and criminal will impose burdens on Defendants and potentially frustrate discovery in both proceedings.

Plaintiff asserts that his criminal case is stalled, but this civil rights action is progressing quickly, which will allow him to locate necessary evidence and witnesses to support his version of events. Plaintiff asserts that he cannot effectively litigate his claim in his criminal case because that case is delayed and because his criminal defense counsel was recently replaced with someone who does not work on his case. Plaintiff also asserts that quickly progressing with this matter before evidence is lost and memories fade weighs in favor of not staying this action. Plaintiff further argues that there is a legitimate state interest and public interest being served by having his allegations of unprovoked battery by correctional officers be proven. Plaintiff also contends that he does not have any intention to invoke his Fifth Amendment rights, and instead expects to testify in all matters consistent with the allegations of his complaint in this case.

In reply, Defendants argue that the convenience to Plaintiff in being able to conduct better or quicker discovery in this federal civil case than in his state criminal matter does not outweigh the necessity for instituting a stay here. The compelling interests of the State of California in its pending criminal prosecution, and the fact that the state court procedures are adequate, compel the stay of these proceedings. Further, Defendants argue that the conveniences that Plaintiff asserts as reasons for not staying this action are in fact better met by a stay, because the parties are likely to resolve factual disputes in this case through Plaintiff's criminal trial, which may streamline or eliminate issues in this civil action.

### B. Legal Standards

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence." *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980). Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice seem to require such action. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902.

In determining whether to stay civil proceedings, a court must first consider "the extent to which the defendant's fifth amendment rights are implicated." *Keating*, 45 F.3d at 324. In addition, the court should generally consider the following five factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 325.

Under *Younger v. Harris*, 401 U.S. 37 (1971), abstention is required if: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin, or have the practical effect of enjoining, the state court. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

**C.    Discussion**

Since Defendants' main argument is that *Younger* abstention is required here, the Court will begin with analyzing that issue. The first *Younger* prong—whether the state court proceedings are ongoing—is easily met here. The Court may take judicial notice of the state court records provided by Defendants, Fed. R. Evid. 201(b); *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), and here, those records show that Plaintiff has an ongoing criminal case before the Superior Court of California for the County of Madera regarding the events at issue. (*See* Criminal Complaint MCR05598, Doc. 49-3, Ex. C; Mar. 9, 2018 docket entry in *People v. Anthony Cesar Hernandez*, Doc. 49-3, Ex. D.) Plaintiff does not dispute that the state court proceedings are ongoing, and discusses in his opposition an upcoming hearing regarding a competency evaluation motion on July 11, 2018 in that case. (Doc. 54, at 5.) The second factor—that there are important state interests in the proceedings—is also clearly met, particularly given the seriousness of the criminal charges as well as Plaintiff's defense, and the fact that the criminal matter has not yet proceeded to trial. *See, e.g.*, *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (the Supreme Court has long recognized that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering" *Younger* abstention).

The third factor—whether the state proceedings provide an adequate opportunity to raise federal questions—is also met here. As noted above, Plaintiff is being charged with violating California Penal Code section 69 for resisting an officer performing his or her duties, and for criminal battery in violation of section 4501.5. In this case, he asserts that there was no reason for any use of force, and thus the force used was excessive. The criminal trial will afford Plaintiff an opportunity to raise his excessive force claim as part of his defense.

In *Jones v. County of Contra Costa*, the court explained that:

> To be found guilty of resisting an officer under California Penal Code § 69—one of the charges against Jones—the officer must have been engaged 'in the performance of his duty' at the time. This requires that officer be engaged in the "lawful" performance of his duties. . . . In response to any evidence presented by the prosecutor that Jones resisted the officers, Jones could defend those allegations by claiming that the officers were not acting in 'lawful' performance because they used excessive force against him, violated equal protection and committed the other offenses that Jones alleges in his federal civil complaint. . . . Jones would thus be able to raise his claims regarding the officers' unlawful conduct in state court, thereby satisfying the third prong.

*Jones v. County of Contra Costa*, No. 13-cv-05552-TEH, 2014 WL 1411205, at *2 (N.D. Cal. Apr. 11, 2014). Such reasoning is equally persuasive here.

The fourth factor—whether the federal court action would enjoin, or have the practical effect of enjoining, the state court—is also met here. Determining whether Plaintiff was subjected to excessive force under the Eighth Amendment in this case depends on whether the force used was employed not in "good faith effort to maintain or restore order, [but] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Thus, the fact finder in this case would have to evaluate whether Plaintiff's conduct under the circumstances justified the force used against him. Such a decision intrudes upon the state criminal proceedings, which would also interrogate that question. If this case were not stayed, rather than focusing on the criminal trial, the parties will be forced to incur the burdens of duplicative litigation, and Plaintiff's Fifth Amendment rights may be at issue, depending on whether Plaintiff decides to raise those rights, further complicating this case. Therefore, the fourth factor is met here.

Since the Court finds that all four factors are met in this case for *Younger* abstention, Defendants' motion will be granted on those grounds. The Court declines to address Defendants' other arguments for a court's exercise of its discretion to stay civil proceedings in the interests of justice.

///

///

**III. Conclusion and Order**

For the reasons discussed above, the Court hereby orders that:

1. Defendants' motion to stay, filed on May 14, 2018 (Doc. 49), is granted;

2. This case is stayed pending the resolution of Plaintiff's criminal case, *People v. Hernandez*, Madera County Superior Court Case No. MCR055598; and

3. Defendants shall file a status report, within **ninety (90) days** of the date of this order, updating the Court as to the status of Plaintiff's criminal case, if it is not resolved by the end of that period.

IT IS SO ORDERED.

Dated: **July 9, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE